D'ALL CONCRETE MIX, INC., demandante y recurrente, *v.* RAÚL FORTUÑO, INC., ETC., demandados y recurridos.

*Número:* R-83-249      *Resuelto:* 31 de octubre de 1983

*Pedro R. Cintrón Rivera,* abogado de la recurrente; *Agustín F. Fortuño,* de *Rodríguez Padilla & Fortuño,* abogado de los recurridos.

PER CURIAM: Fajardo Estate Corporation (Fajardo) contrató, en calidad de dueña, la construcción de un número de estructuras con el Ing. R. Fortuño. La National Insurance Company (National o la fiadora) garantizó como fiadora de Fortuño el pago de la mano de obra y los materiales que se empleasen en el proyecto.

Fortuño subcontrató con F.D.G. Construction Corp. (F.D.G. o la subcontratista) la construcción de las paredes y los techos de hormigón armado. La demandante recurrente, D'All Concrete Mix, Inc. (Concrete), suplió el hormigón a F.D.G.

La subcontratista no pagó a Concrete $20,984.97 por hormigón servido. Concrete demandó entonces a Fajardo, Fortuño y F.D.G. Se desistió de la demanda contra F.D.G. al declararse ésta en quiebra. A solicitud de parte, el tribunal de instancia dictó sentencia sumaria contra Fortuño por $1,370, cantidad que Fortuño tenía retenida a F.D.G., y contra Fajardo y su fiadora National por la suma de $20,984.97. Al reconsiderar el tribunal y reducir a $1,370 la cuantía a pagar por National, Concrete acudió en alzada ante este Tribunal.

La fianza se denomina *Labor and Material Payment Bond.* National se obliga en ella a pagar cierta cantidad de dinero en caso de que Fortuño, denominado *the Principal* en la póliza, no les pague a los reclamantes que se definen en ella. Las cláusulas principales disponen:

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and materials used or reasonably required for use in the performance of this Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material or both used or reasonably required for use in the performance of the contract. . . .

El contrato de fianza es cristalino. Concrete suplió el hormigón para esta obra a F.D.G., subcontratista de Fortuño, el "principal" o afianzado. El lenguaje citado responsabiliza a la fiadora de las deudas contraídas por los subcontratistas de Fortuño al adquirir materiales utilizados en la obra. La fiadora National responde a la suplidora Concrete bajo la póliza.

National esgrime esencialmente dos argumentos para intentar evadir su responsabilidad. En primer término, se apoya en el Art. 1489 del Código Civil, 31 L.P.R.A. sec. 4130, el cual dispone:

> Los que ponen su trabajo y materiales en una obra ajustada alzadamente por el contratista, no tienen acción contra el dueño de ella sino hasta la cantidad que éste adeude a aquél cuando se hace la reclamación.

El problema con el argumento es que el artículo citado ampara al dueño de la obra (Fajardo), pero no al contratista (Fortuño) y mucho menos a su fiadora (National). El Art. 1489 del Código Civil expone, además, tan solo un principio general de derecho, modificable por la voluntad de las partes. Lo estipulado a favor de tercero en la póliza es lo que rige este pleito. *C. Armstrong e Hijos* v. *Díaz*, 95 D.P.R. 819 (1968) y *Amer. Surety Co.* v. *Tribunal Superior*, 97 D.P.R. 452 (1969), no afectan lo aquí expuesto.

También alega National que el Art. 1209 del Código Civil, 31 L.P.R.A. sec. 3374, (¹) impide que Concrete, quien no tiene vínculo contractual directo con los otorgantes del contrato de fianza, pueda recobrar en este caso. En *Cristy & Sánchez* v. *ELA*, 84 D.P.R. 234 (1961) y en *A. L. Arsuaga, Inc.* v. *La Hood Const., Inc.*, 90 D.P.R. 104 (1964), resolvimos que obreros y materialistas sin tal vínculo contractual

---

(¹) El Art. 1209 dispone, en parte, que "Los contratos sólo producen efecto entre las partes que los otorgan y sus herederos . . .". Luego se añade: "Si el contrato contuviere alguna estipulación en favor de un tercero, éste podrá exigir su cumplimiento, siempre que hubiese hecho saber su aceptación al obligado antes de que haya sido aquélla revocada."

quedan amparados por contratos de fianza análogos al del caso de autos. National intenta distinguir a *Arsuaga* supra, sobre la base de que allí se trataba de un suplidor del contratista y aquí, de un suplidor del subcontratista. La diferencia no afecta la doctrina de *Arsuaga*. Como hemos visto, además, el contrato de fianza ampara explícitamente las reclamaciones de los suplidores de los subcontratistas.

Por las razones expuestas, *se expide el auto, se revocará la sentencia enmendada recurrida y se reinstalará la dictada originalmente por el Tribunal Superior el 1 de marzo de 1983.*

El Juez Asociado Señor Torres Rigual no intervino. El Juez Asociado Señor Rebollo López disiente sin opinión.

